IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CT-3013-F

| | |
|---|---|
| KENNETH COBLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ORDER ) |
| SUPERINTENDENT ASBELL, *et al.*, | ) ) ) |
| Defendants. | ) |

On January 13, 2015, Plaintiff[1] filed this action pursuant to 42 U.S.C. § 1983 [DE-1]. Plaintiff has requested leave to proceed without prepayment of the full civil filing fee [DE-2]. The matter is now before the undersigned for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Courts must review complaints in civil actions in which prisoners seek relief from a governmental entity or officer, and dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b)(1). A case is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal

---

[1] At the time Plaintiff filed his complaint, he was a state inmate. Compl. [DE-1], p. 2. He has since been released from custody [DE-8].

pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

In his complaint, Plaintiff contends that Defendants were deliberately indifferent to his serious medical needs. However, Plaintiff concedes on the face of his complaint that he has not exhausted his administrative remedies. Specifically, Plaintiff states that at the time he filed his complaint his administrative grievances were still being processed. Compl. [DE-1], p. 1. The Prison Litigation Reform Act of 1995 ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §] 1983 . . . , or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 83–85 (2006); Porter v. Nussle, 534 U.S. 516, 524 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532; see Jones v. Bock, 549 U.S. 199, 211 (2007). A prisoner must exhaust administrative remedy procedures regardless of the types of relief such procedures offer. See Booth v. Churner, 532 U.S. 731, 740–41 (2001). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

"[T]he PLRA does not require a prisoner to allege that he has exhausted his administrative

2

remedies . . . ." Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 675 (4th Cir. 2005). "Instead, an inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant." Id. at 683. Nonetheless, the court may "dismiss[] a complaint where the failure to exhaust is apparent from the face of the complaint." Id.; see Green v. Rubenstein, 644 F. Supp. 2d 723, 741–42 (S.D. W. Va. 2009). Because Plaintiff acknowledges on the face of his complaint that he has not exhausted his administrative remedies, his complaint must be dismissed.

Even if Plaintiff had exhausted his administrative remedies, his allegations fail to state a claim. To state a claim under 42 U.S.C. § 1983 for inadequate medical care, an incarcerated prisoner must show deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. See, e.g., Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). In order to prove such a claim, Plaintiff "must demonstrate that the officers acted with 'deliberate indifference' (subjective) to [his] 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir.2008) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).

In his complaint, Plaintiff contends, with little elaboration, that he was "refused the medical treatment [he] need[ed] for [his] medical conditions." Compl. [DE-1], p. 3. However, Plaintiff concedes that he has received treatment for his unidentified "medical conditions."[2] Nonetheless, he argues that he is being "mistreated" because Defendant Land "has refused to treat [him] with the appropriate . . . treatment that [his] conditions call for." [DE-6], p. 1. Plaintiff also concedes

---

[2] A medical condition is serious if a delay in treatment causes a lifelong handicap or permanent loss. Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). Plaintiff's bare declaration that he suffers from "medical conditions", without more, fails to meet this standard.

3

Defendant Land has prescribed medications to treat him. Id. However, Plaintiff asserts he should be treated with "[some]thing stronger." Id. He also states that Defendants scheduled an appointment for him "to go see the doctor in UNC-Chapel Hill, but [he] never went." Id.

A prisoner is not entitled to choose his course of treatment. See Russell v. Sheffer, 528 F.2d 318, 318–19 (4th Cir. 1975) (per curiam). Likewise, mere negligence in diagnosis or treatment does not state a constitutional claim. Estelle, 429 U.S. at 105–06. In sum, Plaintiff's allegations fail to state a claim because "[d]isagreements over medications, diagnostic techniques, forms of treatment, the need for specialists, and the timing of their intervention implicate medical judgments and not the Eighth Amendment." Jordan v. Fischer, 773 F. Supp. 2d 255, 276 (N.D.N.Y. 2011); see Estelle, 429 U.S. at 105–06.

## CONCLUSION

For the aforementioned reasons, Plaintiff's complaint is DISMISSED as frivolous. The Clerk of Court is directed to close this case.

SO ORDERED. This the 27 day of July, 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

4